Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON VOGTS, an individual, | Case No. |
| Plaintiff, | COMPLAINT FOR COPYRIGHT INFRINGEMENT |
| v. | |
| ANTHONY MARGULEAS, an individual; and DOES 1-10, | <u>Jury Trial Demanded</u> |
| Defendants. | |

Plaintiff Brandon Vogts, through counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

4. Plaintiff Brandon Vogts is a professional photographer based in Los Angeles, California. Vogts specializes in real estate, architectural, and interior design photography.

5. Upon information and belief, Defendant Anthony Marguleas is an individual residing and/or maintaining a principal place of business in this judicial district at 984 Monument St., Suite 105, Pacific Palisades, CA 90272. Marguleas operates and/or controls zillow.com, apartments.com, and realtor.com webpages identified on **Exhibit 1**.

6. Upon information and belief, Defendants DOES 1-10 (collectively with Marguleas, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, who therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each and all of the acts or conduct alleged, with full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants, and Each)

8. Vogts took and owns four original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs").

9. Following the publication and display of the Subject Photographs, Defendants (and each of them) displayed, distributed, and reproduced verbatim copies of

the Subject Photographs for commercial purposes on zillow.com, apartments.com, and realtor.com without Vogts' permission (collectively, the "Accused Posts").

10. The Subject Photographs, along with screen captures of Accused Posts, are set forth in **Exhibit 1**.

11. Defendants, and each of them, had access to Subject Photographs, including through (a) access to Vogts' publicly accessible website; (b) multiple listing services; (c) a third-party website; (d) an authorized licensee of the Subject Photographs; (e) internet search engine; and/or (f) because the Accused Posts are verbatim copies of, and thus strikingly similar to, the Subject Photographs.

12. Defendants, and each of them, displayed, distributed, reproduced, and/or otherwise exploited the Subject Photographs for commercial purposes without Plaintiff's permission.

13. Due to Defendants' (and each of their) acts of copyright infringement, Plaintiff has damages in an amount to be established at trial.

14. Due to Defendants' (and each of their) acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to their infringement in an amount to be established at trial.

15. Upon information and belief, Defendants, and each of them, committed copyright infringement with actual or constructive knowledge of, or in reckless disregard or willful blindness for, Plaintiff's copyrights, such that said acts of copyright infringement were willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. An Order declaring that Defendants infringed Plaintiff's copyrights in the Subject Photographs;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded his attorneys' fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded his recoverable costs in this action;

e. That Plaintiff be awarded pre-judgment interest as allowed by law; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 2, 2026        By:   /s/ *Stephen M. Doniger*
                                     Stephen M. Doniger, Esq.
                                     Benjamin F. Tookey, Esq.
                                     *Attorneys for Plaintiff*